

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 18, 2013

**By Hand**

The Honorable Harold Baer, Jr.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:  **United States v. Alain Piton, 13 Cr. 361 (HB)**

Dear Judge Baer:

    The Government writes to advise the Court of an evidentiary issue that may arise during the course of the trial in this case, which is scheduled to begin on October 29, 2013. As discussed in more detail below, it was the defendant's arrest in Queens, New York on February 7, 2013 for, among other things, criminal possession of a firearm, which led to the execution of a court-authorized search warrant for a second firearm at the defendant's residence. In the course of executing the court-authorized search warrant, members of the New York City Police Department ("NYPD") discovered 467 checks made payable to Con Edison throughout the defendant's residence. These checks are what form, in part, the basis for the charges in the instant case. At trial, the Government does not intend to admit evidence related to the firearms and ammunition in its case-in-chief. However, should the defendant, either through counsel's cross-examination of the Government's witnesses or the testimony of defense witnesses, open the door to such evidence, the Government may seek to admit such evidence, if appropriate.

**Background**

    As detailed in the criminal complaint filed in this case, United States v. Alain Piton, 13 Mag. 624, the defendant was arrested on February 7, 2013, in Queens, New York, by members of the NYPD for, among other things, criminal possession of a weapon. The defendant had been driving a car with two passengers when NYPD officers (the "Officers") observed that the car had excessively tinted windows and had failed to signal when making a turn. The Officers signaled

The Honorable Harold Baer, Jr.
*United States* v. *Alain Piton*, 13 Cr. 361 (HB)
October 18, 2013

for the defendant to pull his car over, which he did, and approached the car. After reaching the car, one of the Officers observed a firearm in plain view on the floor of the rear passenger side of the car. The Officers then arrested the defendant and his passengers.

After the arrests, the Officers learned that the defendant kept another firearm at his residence in Queens, New York. Using this information, the Officers obtained a court-authorized search warrant to secure the firearm. In the course of executing the court-authorized search warrant, the Officers found, at the defendant's residence, among other things, a 9mm pistol, a sawed-off shotgun, 178 rounds of 9mm ammunition, 25 rounds of .40 caliber ammunition, and one round of .44 caliber ammunition. While executing the court-authorized search warrant, the Officers also discovered 467 checks made payable to Con Edison, the electric, gas and steam service provider for New York City and Westchester, by various business customers.

After the Officers executed the search warrant, the defendant was charged in Queens County Criminal Court with, among other things, criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03(1)(B). After his arrest, the defendant was advised of his <u>Miranda</u> rights and waived those rights orally and in writing. During a post-arrest, post-<u>Miranda</u> interview, the defendant told NYPD officers, in sum and substance, that he was holding the checks made payable to Con Edison for other individuals. The defendant explained that he would receive telephone calls instructing him to sort the checks by financial institution, and then someone would pick up the checks he had been told to gather and sort.

Based on the 467 checks made payable to Con Edison that were found in the defendant's residence, and the defendant's post-arrest, post-<u>Miranda</u> statements, federal law enforcement officers initiated an investigation that led to the mail theft and conspiracy to commit mail theft charges in the instant case.

**The Evidence at Trial**

At trial, the Government intends to call NYPD officers who participated in the defendant's initial arrest, the execution of the court-authorized search warrant on the defendant's residence, and his post-arrest, post-<u>Miranda</u> interview. The Government does not intend to elicit testimony or evidence in our case-in-chief regarding the recovery of a firearm from the defendant's car, or the recovery of the firearms and ammunition from the defendant's residence. However, should the defense—either in its cross examination of the Government's witnesses or in its case-in-chief—open the door to that evidence, by, for example, questioning the basis for the court-authorized search warrant for the defendant's residence, the Government may seek to introduce evidence of the firearm in the car the defendant was driving, and the firearms and ammunition recovered from the defendant's residence

The Honorable Harold Baer, Jr.
*United States* v. *Alain Piton*, 13 Cr. 361 (HB)
October 18, 2013

  In sum, the Government reserves its right to admit evidence of the firearm found in the defendant's car and the firearms and ammunition found in his residence if the defense opens the door to such evidence during the trial.

               Respectfully submitted,

               PREET BHARARA
               United States Attorney

by: _____
   Negar Tekeei
   Brendan R. McGuire
   Assistant United States Attorneys
   (212) 637-2482 / 2220

cc: Don D. Buchwald, Esq. (by email at dbuchwald@kelleydrye.com)
   Counsel for Alain Piton