UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                          :

                - v. -                          :          13 Cr. 361 (HB)

ALAIN PITON,                                      :

                                                :

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


THE GOVERNMENT'S REQUEST TO CHARGE


PREET BHARARA
United States Attorney for the
Southern District of New York,
Attorney for the United States
of America


NEGAR TEKEEI
BRENDAN R. MCGUIRE
Assistant United States Attorneys
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

               - v. -                    :         13 Cr. 361 (HB)

ALAIN PITON,                                :

                                :

                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

## TABLE OF CONTENTS

GENERAL REQUESTS ............................................................................... 5

REQUEST NO. 1
    General Instructions – The Indictment........................................... 6

REQUEST NO. 2
    Summary of the Indictment ............................................................ 7

REQUEST NO. 3
    Conspiracy and Substantive Counts .............................................. 8

REQUEST NO. 4
    Count One:  Mail Theft  – The Indictment and The Statute (18 U.S.C. § 1708)......... 9

REQUEST NO. 5
    Count One: Elements Of The Offense (Mail Theft) ..................... 11

REQUEST NO. 6
    Count One: First Element – Stealing or Obtaining Postal Matter by Fraud or
    Deception .................................................................................... 12

REQUEST NO. 7
    Count One: Second Element – Matter Within the Control or Authority of the
    Postal Service............................................................................. 13

REQUEST NO. 8
    Count One: Third Element – Intent.............................................. 14

REQUEST NO. 9
    Count One: Third Element – Intent.............................................. 15

REQUEST NO. 10
    Count One:  Aiding and Abetting Mail Theft .............................. 16

REQUEST NO. 11
    Count Two: Conspiracy -- General Instructions ......................... 19

REQUEST NO. 12
    Conspiracy -- Elements of Conspiracy........................................ 20

REQUEST NO. 13
    Conspiracy: First Element -- Existence of Agreement ............... 22

REQUEST NO. 14
    Conspiracy: First Element -- Object........................................... 26

REQUEST NO. 15
    Conspiracy: Second Element -- Membership in the Conspiracy............... 27

**REQUEST NO. 16**
  **Conspiracy: Third Element -- Overt Acts** ................................................................. 32

**REQUEST NO. 17**
  **Conscious Avoidance** ........................................................................................ 35

**REQUEST NO. 18**
  **Venue** ................................................................................................................ 39

**REQUEST NO. 19**
  **Acts And Statements Of Co-Conspirators [If Applicable]** ............................ 40

**REQUEST NO. 20**
  **Defendant's Right Not To Testify [If Requested By Defense]** ..................... 42

**REQUEST NO. 21**
  **Defendant's Testimony [Requested Only If Defendant Testifies]** ................ 43

**REQUEST NO. 22**
  **Law Enforcement Witnesses** ........................................................................... 44

**REQUEST NO. 23**
  **Uncalled Witness – Equally Available To Both Sides** .................................. 45

**REQUEST NO. 24**
  **Persons Not On Trial** ....................................................................................... 46

**REQUEST NO. 25**
  **Preparation Of Witnesses [If Applicable]** ...................................................... 47

**REQUEST NO. 26**
  **Particular Investigative Techniques Not Required** ........................................ 48

**REQUEST NO. 27**
  **Stipulations Of Fact [If Applicable]** ............................................................... 49

**REQUEST NO. 28**
  **Stipulations Of Testimony [If Applicable]** ..................................................... 50

**REQUEST NO. 29**
  **Charts And Summaries [If Applicable]** ........................................................... 51

**REQUEST NO. 30**
  **Conclusion** ........................................................................................................ 53

## GENERAL REQUESTS

The Government respectfully requests that the Court give its usual instructions to the jury in this District on the following matters:

a.  Function Of Court And Jury

b.  Jury's Recollection Governs

c.  Note-Taking by Jurors

d.  Duty to Base Verdict on Evidence

e.  Improper Considerations

f.  Motions, Objections and Questions by the Court

g.  Duty to Weigh Evidence Without Prejudice

h.  Government as a Party

i.  Indictment Not Evidence

j.  Burden Of Proof

k.  Presumption Of Innocence

l.  Reasonable Doubt

m.  Guilt is Personal

n.  Evidence

o.  Direct and Circumstantial Evidence

p.  Inferences

q.  Circumstantial Evidence of Knowledge, Willfulness and Intent

r.  Credibility Of Witnesses

## REQUEST NO. 1
### General Instructions –
### The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  Before you begin your deliberations, you will be provided with a copy of the Indictment.  In addition, during my instructions I will read portions of the Indictment to you.  Therefore, I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment.  Then I will explain in detail the elements of each offense.

As I have said, the Indictment in this case charges the defendant with two counts.  I will first briefly summarize those counts, and then I will explain in detail the elements of the offenses.

Adapted from charge of the Honorable Robert W. Sweet in United States v. Toro, 89 Cr. 268 (S.D.N.Y. June 8, 1989), and from Sand, et al., Modern Federal Jury Instructions, Instr. 3-1.

## REQUEST NO. 2
### Summary of the Indictment

As I just mentioned, the Indictment in this case contains two counts, or charges, against the defendant, Alain Piton.

Count One charges the defendant with the substantive crime of aiding and abetting mail theft from in or about the fall of 2012 up to and including the spring of 2013. That is, Count One charges the defendant with aiding and abetting the stealing of mail.

Count Two charges that, from in or about the fall of 2012 up to and including the spring of 2013, the defendant participated in a conspiracy to violate the laws of the United States. The Indictment alleges that the goal of the conspiracy, or scheme, was to steal mail.

As I instructed you earlier, the Indictment is a charge or accusation. It is not evidence.

## REQUEST NO. 3
### Conspiracy and Substantive Counts

As I just described, Count One of the Indictment is what is referred to as a substantive count. Count Two is a conspiracy charge. Unlike the conspiracy charge, which charges an agreement to commit an offense or offenses, the substantive count is based on the actual commission or attempted commission of an offense.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime which may be the object of the conspiracy. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. Thus, if a conspiracy exists, even if it should fail of its purpose, it is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime or crimes that were the objective of the conspiracy were actually committed.

By contrast, the substantive count requires proof that the crime charged was actually committed, but does not require proof of an agreement. Of course, if a defendant both participates in a conspiracy and commits the crime or crimes which were the object of the conspiracy, the defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

Adapted from the charge of Judge John Walker in United States v. Helmsley, 88 Cr. 219 (JMW), Tr. 26-27.

8

## REQUEST NO. 4
### Count One:  Mail Theft –
### The Indictment and The Statute (18 U.S.C. § 1708)

We now turn to the substantive count.

Count One of the Indictment charges that the defendant violated Section 1708 of Title 18 of the United States Code, which makes it a crime for someone to steal any letter or other postal matter while it is under the control of the United States Postal Service. The Indictment reads that:

> [The Court is respectfully requested to read Count Three of the Indictment.]

Section 1708 provides, in relevant part:

> Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein

shall be guilty of a crime.

As I discuss the elements of this crime, you should consider them not just in relation to Count One of the Indictment, but also in relation to Count Two of the Indictment.  As you will recall, Count Two charges a conspiracy to steal, take, or abstract letters, mail or postal matter while it was under the control of the United States Postal Service.  Thus, you should

9

consider my instructions on the substantive crime when you are considering this alleged object of the conspiracy.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 49-9.

**REQUEST NO. 5**
**Count One: Elements Of The Offense**
**(Mail Theft)**

In order to prove the defendant guilty of stealing any letter or other postal matter while it is under the control of the United States Postal Service, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about the date specified in the indictment the defendant stole, took, or by fraud or deception obtained the letter or postal matter described in the indictment;

Second, that the defendant stole, took or obtained the letter or postal matter while it was under the control or authority of the United States Postal Service; and

Third, that at the time the defendant took the letter or postal matter, he had the intent to steal it.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 49-10.

**REQUEST NO. 6**
**Count One: First Element –**
**Stealing or Obtaining Postal Matter by Fraud or Deception**

The first element the government must prove beyond a reasonable doubt is that the defendant stole, took, or by fraud or deception obtained the letter or postal matter described in the Indictment.

In order to meet its burden of proof, the government must establish that the defendant acquired the letter or postal matter as a result of a wrongful or dishonest act or taking. Further, you must find that the defendant possessed the letter without the owner's permission.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 49-11.

## REQUEST NO. 7
### Count One: Second Element –
### Matter Within the Control or Authority of the Postal Service

The second element the government must establish beyond a reasonable doubt is that the defendant stole, took or obtained the letter or postal matter while it was under the control or authority of the United States Postal Service.

Mail remains in the control or authority of the Postal Service until it is either delivered to the addressee or returned to the sender.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 49-12.

**REQUEST NO. 8**
**Count One: Third Element –**
**Intent**

The third element the Government must prove beyond a reasonable doubt is that at the time the defendant took the letter or postal matter, he had the intent to steal it.

In order to meet this burden, the government must prove that when the defendant took the letter, he did so with the intention of depriving the letter's rightful owner, permanently or temporarily, of the rights and benefits of receiving the letter.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 49-14.

14

## REQUEST NO. 9
## Count One: Third Element –
## Intent

The third element the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully with the intent to steal the letter or postal matter.

To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

To act willfully means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with the bad purpose to disobey or disregard the law.

Whether the defendant acted knowingly and willfully may be proven by the defendant's conduct and by all of the circumstances surrounding the case.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 23A-5.

## REQUEST NO. 10

### Count One:  Aiding and Abetting Mail Theft

With respect to Count One, the Indictment also charges the defendant with what is called, "aiding and abetting."  The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find him guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it herself.  Accordingly, you may find a particular defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person physically committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a

crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly participate in the crime by doing some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

To establish that the defendant participated in the commission of the crime, the Government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

--      Did he associate himself with the criminal venture   knowingly and willfully?

--      Did he seek by his actions to make the criminal venture succeed?

If he did, then that defendant is an aider and abettor, and therefore guilty of the offense.  If he did not, then that defendant is not an aider and abettor, and is not guilty of aiding and abetting that offense.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 11-2.

**REQUEST NO. 11**
**Count Two: Conspiracy --**
**General Instructions**


The second Count of the Indictment charges that the defendant violated Section

371 of Title 18 of the United States Code.  That section provides as follows:

> If two or more persons conspire . . . to commit any offense against
> the United States, . . .and one or more of such persons do any act to
> effect the object of the conspiracy, each . . .

is guilty of a crime.

The defendant is charged in this count with conspiring to violate laws of the

United States.  Specifically, Count Two charges that:

> [The Court is respectfully requested to read Count Two of the
> Indictment.]

19

**REQUEST NO. 12**
**Conspiracy --**
**Elements of Conspiracy**

In order for you to find the defendant guilty of conspiracy, the Government must

prove beyond a reasonable doubt each of the following essential elements as to the defendant:

First, the Government must prove the existence of the conspiracy charged in the

Indictment; that is, an agreement or understanding between two or more people to commit acts

which constitute a crime.  The first element then is:  Did the conspiracy alleged in the Indictment

exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant

knowingly and willfully became a member of the conspiracy; that is, that he knowingly

associated himself with and participated in the alleged conspiracy;

Third, the Government must prove that any one of the conspirators -- not

necessarily the defendant, but any one of the parties involved in the conspiracy -- knowingly

committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy

in the Southern District of New York.

I will explain the concept of overt acts in a few moments, but let us first consider

each of the three elements in further detail.

> Adapted from the charge of Judge John Walker in United States v.
> Helmsley, 88 Cr. 219 (JMW), Tr. 25-26 (S.D.N.Y. 1989).  See
> United States v. Salameh, 152 F.3d 88, 145 (2d Cir. 1998) (listing
> the three "well settled" elements of conspiracy); United States v.
> Maldonado-Rivera, 922 F.2d 799, 810 (2d Cir. 1990) (quoting
> district court charge setting forth three elements of conspiracy); see

20

also Sand, Modern Federal Jury Instructions, Instr. 19-3 (listing four elements).

**REQUEST NO. 13**
**Conspiracy: First Element --**
**Existence of Agreement**

As I mentioned a few moments ago, a conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish a plan which is criminal or unlawful. The essence of the crime of conspiracy is the unlawful combination or agreement to commit acts which violate the law. Thus, the first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the agreement charged in the Indictment.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. Indeed, it would be extraordinary if there were such a formal document, or a specific oral agreement.

Your common sense will tell you that when men and women undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they usually publicly broadcast their purpose or plans. From its very nature, a conspiracy is usually secret. Even if actions are taken in the open, the purpose behind those actions is often known only to the conspirators.

Thus, it is sufficient if the Government proves beyond a reasonable doubt that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an act which is unlawful. If the conduct the conspirators agreed to undertake was unlawful, then a conspiracy exists.

> See United States v. Feola, 420 U.S. 671, 692 (1975) ("where a substantive offense embodies only a requirement of mens rea as to each of its elements, the general federal conspiracy statute requires no more."); United States v. Cohen, 260 F.3d 68, 72 (2d Cir. 2001) (to prove conspiracy, there is no requirement to prove defendant had a corrupt motive; instead all that is necessary is proof "that the parties had in contemplation all the elements of the crime they are charged with conspiring to commit"); United States v. Salameh, 152 F.3d 88, 154 n. 16 (2d Cir. 1998) ("The government is not required to prove any greater knowledge of the substantive offenses that comprise the conspiracy's objectives than that required to prove the commission of the substantive offenses themselves"); United States v. Herrera, 584 F.2d 1137, 1150 (2d Cir. 1978) (holding that the district court properly rejected defendants' proposed jury instruction that "co-conspirators must agree to violate the specific federal statutes with which they were charged;" noting that "[t]he law of conspiracy requires the same mens rea as would be required to support a conviction for a substantive violation"); United States v. Mauro, 501 F.2d 45, 51 (2d Cir. 1974) (there is "no rule that the criminal intent required to satisfy a conviction of conspiracy to violate a statute must be greater than that necessary to commit the substantive crime").

Similarly, the Government need not prove that there was such an agreement as to each detail of the scheme or each act taken in furtherance of the scheme. It is sufficient if the Government proves beyond a reasonable doubt that there was an agreement to further at least one of the criminal objectives of the conspiracy.

23

You may, of course, find that the existence of an agreement has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.

Thus, for example, an agreement among people may be inferred from circumstantial evidence concerning the relationship of the parties, their overt acts, and the totality of their conduct.

As I mentioned to you before, if the elements of conspiracy are established, it is immaterial whether the conspirators successfully accomplished their purpose. On the other hand, proof that the objects of an alleged conspiracy were accomplished may be the most persuasive evidence of the existence of the conspiracy itself. In other words, success of the venture, it you believe it was successful, and how that success was achieved, may be the best proof of the venture itself.

Usually, the only evidence available is that of disconnected acts on the part of the alleged individual conspirators, which, when taken together in connection with each other and with the reasonable inferences flowing from them, may show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

In sum, if, upon consideration of all the evidence, direct or circumstantial, you find beyond a reasonable doubt that at least two of the alleged conspirators agreed to work

24

together in furtherance of the unlawful scheme alleged in the indictment, then the first element is

established.

> Adapted from the charge of Judge John Walker in <u>United States v.</u>
> <u>Helmsley</u>, 88 Cr. 219 (JMW), Tr. 25-26 (S.D.N.Y. 1989), and
> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-4.  <u>See</u> <u>United</u>
> <u>States v. Perez</u>, 144 F.3d 204, 208 (2d Cir. 1998) ("In order to
> prove a charge of conspiracy, the government need not present
> evidence of an explicit agreement; proof of a tacit understanding
> will suffice."); <u>United States v. Desimone</u>, 119 F.3d 217, 223 (2d
> Cir. 1997) ("The existence of -- and a particular defendant's
> participation in -- a conspiracy may be established entirely by
> circumstantial evidence.  Moreover, the conspiratorial agreement
> itself may be established by proof of a tacit understanding among
> participants, rather than proof of an explicit
>
> agreement . . . ." (Citations omitted)).

### REQUEST NO. 14
### Conspiracy: First Element --
### Object

In this case, the defendant is charged with conspiring to accomplish one illegal objective. The object that the defendant is alleged to have agreed to accomplish is to commit an offense against the United States by stealing any letter or other postal matter while it is under the control of the United States Postal Service, and aiding and abetting the same.

It is not necessary for you to find that the alleged objective was to be accomplished by all of the means described in the Indictment. Here again, it is sufficient if you find beyond a reasonable doubt that an objective of the conspiracy -- here, the theft of mail -- was to be accomplished by any of the means alleged.

United States v. Helmsley, 941 F.2d 71, 91 (2d Cir. 1992) (quoting district court's charge).

**REQUEST NO. 15**
**Conspiracy: Second Element --**
**Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you should next determine the second question, and that is whether the defendant participated in the conspiracy in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that he knowingly and unlawfully entered into the agreement and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective.

"Unlawfully" and "Knowingly" Defined

As I instructed you previously with respect to Count One, an act is done "knowingly" if it is done deliberately and purposefully; that is, the defendant's act must have been the product of the defendant's conscious objective rather than the product of a mistake or accident or mere negligence.

"Unlawfully" means simply contrary to law. The defendant you are considering need not have known that he was breaking the law.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However you do have before you evidence of certain acts and conversations alleged to have taken place involving the defendant, certain records alleged to relate to the defendant, and other

27

physical and testimonial evidence.  The Government contends that these acts, conversations and pieces of physical evidence show beyond a reasonable doubt that the defendant knew of the unlawful purpose of the conspiracy.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  Nor is it necessary that the defendant received any monetary benefit from participating in the conspiracy or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained.  However, the existence or non-existence of such an interest may properly be considered in determining whether a defendant was a member of the conspiracy.  An interest could be a direct financial one, or an indirect one, such as pleasing an important person or boss or holding one's job.

If you find that the defendant you are considering had some underlying motive, not in itself criminal, for any or all of his acts, you may nevertheless conclude that his conduct was willful, so long as he also acted with the intent to aid or bring about the success of the alleged object of the conspiracy.  While motive is something you may consider, the Government is not required to prove motive, that is, a defendant's ultimate goal or reason for engaging in a particular course of conduct.  It is often very difficult, if not impossible, to ascertain why someone did something.  Here, it is important not to confuse motive with intent.  Motive is what prompts a person to act or fail to act.  Intent refers only to the state of mind with which the act is

done or omitted.  If the guilt of a defendant is proven beyond a reasonable doubt, it is immaterial what the motive for the crime may be.

I want to caution you, however, that the knowledge requirement is not satisfied by demonstrating that the defendant was merely negligent, foolish, or mistaken.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt.  A defendant need not have joined the conspiracy at the outset.  The defendant may have joined it for any purpose at any time in its progress, and he will still be held responsible for all that was done before the defendant joined and all that was done during the conspiracy's existence while the defendant was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  Similarly, mere association in a business or otherwise with a conspirator does not by itself make one a member of the conspiracy, although a conspiracy may exist between persons who are also associated in lawful business activities.  What is necessary is that the defendant you are considering participated in the conspiracy with knowledge of its object and with an intent to aid

in the accomplishment of that object.  While the defendant must know of and intend to further the purpose or object of the conspiracy, the defendant need not know that the object was unlawful - ignorance of the law is no excuse.

In sum, to satisfy this element, the defendant, with an understanding of the object of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering that unlawful object.  Only then does the defendant become a knowing participant in the agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members.

A defendant withdraws from a conspiracy when he abandons the agreement. But, since it is all too easy after the fact for a defendant to claim that he withdrew from the plot, the law requires the taking of some affirmative action on the part of the defendant who contends to have withdrawn from the conspiracy.

Simply stopping to participate in the conspiracy is <u>not</u> sufficient to demonstrate a withdrawal from a conspiracy.  Unless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by <u>any</u> of the conspirators.  In order to withdraw from a conspiracy, the defendant must <u>either</u> "make a clean breast of it" and report his illegal acts to law enforcement, <u>or</u> clearly explain to his co-conspirators that he no longer wishes to be part of the conspiracy.  The burden of establishing withdrawal lies on the defendant.

Adapted from: the charge of Judge John Walker in <u>United States v.</u> <u>Helmsley</u>, 88 Cr. 219 (JMW), Tr. 24-26, 40-41 (S.D.N.Y. 1989);

the charge of Judge Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and from Sand, Modern Federal Jury Instructions, Instr. 3A-1, 3A-2, 3A-3, 6-18. On the second element generally, see United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997) (presence is not enough; nor is knowledge; membership requires participation). On the types of proof required to satisfy the second element, and the scope a defendant's responsibility, see United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendants' knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or he became a member.") (citations omitted). On the existence of a relationship as circumstantial evidence of conspiracy, see United States v. Furkin, 119 F.3d 1276, 1279 (7th Cir. 1997) ("The parties' intent, as well as their agreement, may be inferred from circumstantial evidence concerning the relationship of the parties, their overt acts, and the totality of their conduct.");

On withdrawal, see United States v. Greenfield, 44 F.3d 1141, 1150 (2d Cir. 1995) ("A defendant withdraws from a conspiracy when he or he abandons the combination and agreement. But, since it is all too easy after the fact for a defendant to claim that he or he withdrew from a plot, the law generally requires the taking of some 'affirmative action,' Indeed, [u]nless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators.").

**REQUEST NO. 16**
**Conspiracy: Third Element --**
**Overt Acts**

The third element, which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that at least one of the conspirators committed at least one of the overt acts charged in the Indictment in furtherance of the conspiracy.

For the crime of conspiracy to have been committed, there must be something more than an agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.

In order for the Government to satisfy the overt act element, it is not required to prove all of the particular overt acts alleged in the Indictment. It is enough if the Government proves that at least one overt act was committed in furtherance of the conspiracy. However, you must all agree on at least one overt act that a conspirator committed in order to satisfy this element. In other words, it is not sufficient for you to agree that some overt act was committed, without agreeing on which overt act was committed.

Similarly, it is not necessary for the Government to prove that each member of the conspiracy committed or participated in an overt act. It is sufficient if you find that at least one overt act was in fact performed by at least one conspirator, whether the defendant you are considering or another co-conspirator, to further the conspiracy within the time frame of the conspiracy. Remember, the act of any one of the members of a conspiracy, done in furtherance

32

of the conspiracy, becomes the act of all the other members.  To be a member of the conspiracy, it is not necessary for a defendant to commit an overt act.

In addition, the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

The overt act must have been knowingly done by at least one conspirator in furtherance of some unlawful object of the conspiracy, as charged in the Indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Southern District of New York, which includes Manhattan, Westchester, and Bronx counties.

Adapted from the charge of Judge John Walker in United States v. Helmsley, 88 Cr. 219 (JMW), Tr. 25-26 (S.D.N.Y. 1989); and Sand, Modern Federal Jury Instructions, Instr. 19-7, 19-8.  See Braverman v. United States, 317 U.S. 49, 53 (1942) (overt act "may be that of only a single one of the conspirators and need not be itself a crime"); United States v. Frank, 156 F.3d 332, 337 (2d Cir. 1997) ("the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant"); United States v. Bryan, 122 F.3d 90, 93 (2d Cir. 1997) ("conspiracy 'conviction may rest on an overt act not charged in the

indictment'") (quoting <u>United States v. Armone</u>, 363 F.2d 385, 400 (2d Cir. 1966)); <u>United States v. Montour</u>, 944 F.2d 1019, 1026 (2d Cir. 1991) ("an overt act need not be inherently criminal to support a conspiracy conviction").

**REQUEST NO. 17**
**Conscious Avoidance**

As I explained, the Government is required to prove that the defendant acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that the defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to the two counts charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is

entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me explain what the concept of willful blindness or conscious avoidance means with respect to the substantive charge – Count One of the Indictment – and then I will explain what it means with respect to the conspiracy charge – Count Two of the Indictment.

With respect to both counts, in determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious.  Thus, for both Counts One and Two, if you find beyond a reasonable doubt that the defendant knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was acting in a lawful manner.

However, with respect to the conspiracy count – Count Two – there is a difference between knowingly participating in the conspiracy and knowing the object of the conspiracy.  "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy.  It is logically impossible for the defendant to join the conspiracy unless he knows the fact that the conspiracy exists.  However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of the agreement, which was to break the law as alleged.

That is, if you find beyond a reasonable doubt that the defendant knew that there was a high probability that his co-conspirators intended to break the law, but that he deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner.

> Adapted from the charge given by the Honorable Loretta A. Preska in United States v. Collins, 07 Cr. 1170 (LAP) (S.D.N.Y. 2012), and from John F. Keenan in United States v. Rohan Cameron, 03 Cr. 1457 (JFK) (S.D.N.Y. 2004), and from Sand, Modern Federal Jury Instructions, Instr. 3A-2.

> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." United States v. Hopkins, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted); see also United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003); United States v. Reyes, 302 F.3d 48, 54 (2d Cir. 2002). "There was nothing inappropriate or inconsistent in the government arguing that [the defendant] had actual knowledge that his statements were false or, in the alternative, that he was aware of a high probability that they were false, but consciously avoided confirming that suspicion." United States v. Carlo, 507 F.3d 799, 802 (2d Cir. 2007).

> The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." United States v. Feroz, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist."). United States v. Reyes, 302 F.3d 48, 55 (2d Cir. 2002) ("[T]he jury may use the conscious avoidance doctrine to establish the defendant's

knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy.").

## REQUEST NO. 18
### Venue

In addition to all of the elements I have described, you must also decide whether any act in furtherance of each of the charged crimes occurred within the Southern District of New York, which includes Manhattan, the Bronx, and Westchester. This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime, occurred within the Southern District of New York.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand, Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district). See United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard). See also United States v. Rivlin, No. 05 Cr. 524 (SHS), 2007 WL 4276712, at *4 (S.D.N.Y. Dec. 5, 2007) (noting that 18 U.S.C. § Section 641 is "a continuing offense") (citing United States v. Blizzard, 27 F.3d 100, 101 (4th Cir. 1994)).

## REQUEST NO. 19
## Acts And Statements Of Co-Conspirators
## [If Applicable]

You will recall that I have admitted at this trial evidence of the acts and statements of several individuals because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes as agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant. This is so even if such acts were committed or such statements were made in the defendant's absence, and without his knowledge.

40

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant you are considering, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy they may not be considered by you in deciding whether the defendant is guilty or not guilty.

Adapted from the charge given in United States v. Salam, S1 98
Cr. 208 (MBM) (S.D.N.Y. 1999).

41

**REQUEST NO. 20**
**Defendant's Right Not To Testify**
**[If Requested By Defense]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, <u>Modern Federal Jury Instructions,</u> Instr. 5-21.

42

### REQUEST NO. 21
### Defendant's Testimony
### [Requested Only If Defendant Testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.


See United States v. Gaines, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

### REQUEST NO. 22
### Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16.

### REQUEST NO. 23
### Uncalled Witness – Equally Available To Both Sides

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

## REQUEST NO. 24
**Persons Not On Trial**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendant are not defendants in this trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y.), aff'd, 990 F.2d 622 (2d Cir. 1993), and the charge of the Honorable Louis L. Stanton in United States v. Nguyen, 94 Cr. 541 (LLS) (1995).

**REQUEST NO. 25**
**Preparation Of Witnesses**
**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 26
## Particular Investigative Techniques Not Required

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used by the Government and certain other investigative techniques were not used. There is no legal requirement that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from the charges of Hon. Loretta A. Preska in United States v. Ronald Davidson, 97 Cr. 490 (LAP) (S.D.N.Y. 1998); Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and Hon. John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

**REQUEST NO. 27**
**Stipulations Of Fact**
**[If Applicable]**


  In this case you have heard evidence in the form of stipulations that contained

facts that were agreed by the parties to be true.  You must accept the facts contained in those

stipulations to be true.

  Adapted from the charge of Judge Pierre N. Leval in <u>United States</u>
v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), <u>aff'd</u>, 21 F.3d
1228 (2d Cir. 1994), and from Sand, <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 5-6 & 5-7.

**REQUEST NO. 28**
**Stipulations Of Testimony**
**[If Applicable]**

A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect and weight to be given that testimony.

Adapted from Sand, <u>Modern Federal Jury Instructions, Criminal,</u>
Instr. 5-7.

**REQUEST NO. 29**
**Charts And Summaries**
**[If Applicable]**

During the course of trial, there were summaries shown to you, such as charts and graphs, in order to make other evidence more meaningful and to aid you in considering that evidence. In particular, I am referring to Exhibits _____. [*Prior to jury instruction, the parties will provide a list of summary exhibits used during the trial*]. These exhibits are not direct, independent evidence; they are summaries of the evidence. They are admitted into evidence as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summaries than to place all of the relevant documents in front of you. It is up to you to decide whether charts and summaries fairly and correctly present the information in the testimony and the documents. The summaries are not to be considered by you as direct proof of anything. They are merely graphical or shortened presentations of information contained in the underlying testimony and documents.

It is for you to decide whether the summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the summaries conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from the charge of the Honorable Kevin Thomas Duffy in United States v. Castellano, 84 Cr. 63, aff'd in part & rev'd in part, 811 F.2d 47 (2d Cir. 1987); and Sand, Modern Federal Jury Instructions, Instr. 5-1.

**REQUEST NO. 30**
**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question. The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Dated:      October 18, 2013
            New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

               By:    _____
                              NEGAR TEKEEI
                              BRENDAN R. MCGUIRE
                              Assistant United States Attorneys
                              (212) 637-2482 / 2220

55